MOSES S. BARRETT *v.* ELIAS SARGEANT AND WILLIAM K. MANNING.

IN CHANCERY.

A mortgagee has no attachable interest in the lands mortgaged.

If the orator have a full remedy at law for the right which he asserts, his bill in chancery, by which he seeks relief, will be dismissed, with costs.

In this case, the defendant having attached, as the property of the mortgagee, the lands of which the orator was in possession under title derived from the mortgagor, and having levied his execution thereon and commenced an action of ejectment against the orator to recover the possession of the premises, it was held, that the orator had a full defence at law to the action of ejectment ; and his bill in chancery, brought to obtain a perpetual injunction of the suit at law, was dismissed, with costs.

But, inasmuch as the defendant was in some measure in the wrong, in attempting to gain a title to the premises by levy upon them as the property of the mortgagee, he was only allowed his costs in this court.

And the mortgagee having assigned the mortgage notes, without any written assignment of the mortgage, and the assignee having delivered the notes to

a third person, as collateral security for certain advances, the orator joined such third person as defendant in the suit; and it was held, that, although the bill was not drawn strictly with a view of allowing the orator to redeem, yet that it might with propriety be changed into such a bill, but that the assignee of the mortgagee must be joined as a co-defendant; and the case was remitted to the court of chancery for the purpose of enabling the orator to amend, by adding new parties, in the discretion of the chancellor.

The orator cannot be allowed to make a different *case by his* evidence from that stated in his bill.

APPEAL from the court of chancery. The orator alleged in his bill, in substance, that, on the twenty fifth day of September, 1833, Robert Barrett conveyed certain lands to Edward Manning by deed of mortgage, to secure the payment of four promissory notes due from the said Robert to Manning; that some time in the year 1834, and before any part of the notes was paid, Manning sold and transferred all the notes to Ezra Woodworth, and at the same time, by parol contract, assigned to Woodworth the mortgage deed from Robert Barrett, of all which Robert Barrett had due notice; that Woodworth died in the year 1836, and appointed executors of his last will and testament; that the executors caused an action of ejectment to be commenced against Robert Barrett, in the name of Edward Manning, founded upon the mortgage, and obtained final judgment therein by default at the September adjourned term, 1838, of Windsor county court; that Robert Barrett, on the twentieth day of May, 1839, conveyed his equity of redemption in the mortgaged premises to the orator, and the orator thereupon agreed with Robert Barrett and with the executors of Woodworth, that he would pay the notes secured by the mortgage; that the orator paid part of the notes, and the remainder were delivered by the executors of Woodworth to the defendant William K. Manning, as collateral security for certain advances made by him for the executors; and that Manning threatened, that he would put the notes in suit, unless paid by the orator.

The orator farther alleged, that the defendant Sargeant, on the eighteenth day of May, 1839, sued out his writ of attachment against Stephen Cummings and the above named Edward Manning, and, on the tenth day of June, 1839, attached thereon the mortgaged premises, then in possession of the orator; that Sargeant recovered

judgment against Cummings and Manning, and caused his execution thereon obtained to be levied upon the same mortgaged premises, as the property of Edward Manning, and commenced an action of ejectment against the orator, to recover the possession of the premises, which suit was duly entered in court and is still pending. And the orator averred, that he had been in possession of the premises from the date of his deed from Robert Barrett, and that he had made valuable improvements thereon.

And the orator prayed, that the defendant Sargeant might be perpetually enjoined from prosecuting his action of ejectment against the orator, and that the orator might be permitted to redeem the mortgaged premises, (which he offered, in his bill, to do, whenever he could do it with safety,) and that the defendant William K. Manning might be restrained from collecting the mortgage notes, until the orator could be heard in the premises, and for general relief.

The defendants were enjoined by the chancellor, according to the prayer in the bill, at the time the bill was signed.

The bill was taken as confessed, as to the defendant Manning. The defendant Sargeant, in his answer, admitted that he attached and levied upon the mortgaged premises, as the property of Edward Manning, but denied that Manning ever assigned the mortgage, or any part of the mortgage notes, to Woodworth, and averred, that he then believed and still believes, that Manning was then the legal and equitable owner of the land, and that he had good right to attach the land as the property of Manning, and denied, that, at the time of the attachment, he believed, or suspected, that the orator had any interest, or claim, in or to the land.

The answer was traversed, and copies of the several deed, writs and executions, mentioned in the bill and answer, were filed as evidence. To the deed from Robert Barrett to the orator there was but one subscribing witness. The orator also filed testimony, tending to prove the transfer of the notes from Edward Manning to Woodworth.

The court of chancery decreed, that the defendant Sargeant be perpetually enjoined from prosecuting his action of ejectment against the orator, and from interfering in any manner with the possession of the premises, and that the defendant Manning be enjoined from collecting the mortgage notes for the term of one year, and that the

---

Barrett *v.* Sargeant et al.

---

orator be permitted to pay the notes within that 'time and thus redeem the mortgaged premises.

*C. French* for orator.

Edward Manning never had any interest in the premises, except as mortgagee, and that was no attachable interest. *Jackson* v. *Willard*, 4 Johns. 41. *Blanchard* v. *Colburn*, 16 Mass. 345. *Eaton* v. *Whiting*, 3 Pick. 484. *Huntington* v. *Smith*, 4 Conn. 235. 1 Rawle 325.

*S. Fullam* for defendant.

1. The orator has no title to the land in question, there being but one subscribing witness to his deed. Rev. St. 311, § 4.

2. Equity cannot relieve the orator, for the defendant acted in good faith and is in no way in fault. We do not deny, that the orator has a right to redeem the premises, by paying to Sargeant the amount due upon the mortgage, and, as the bill is taken as confessed against the defendant Manning, he will of course be enjoined from collecting the notes, and thus the loss will be made to fall in the right place; for if Woodworth neglected to perfect his title by taking and recording an assignment of the mortgage, *his estate* should bear the loss.

The opinion of the court was delivered by

BENNETT, J. It is alleged in the bill, that one Robert Barrett, being, in September, 1833, the owner of a certain tract of land, mortgaged the same to one Edward Manning, to secure four promissory notes, and that Manning assigned these notes, before any payment was made upon them, to one Ezra Woodworth, accompanied with a parol agreement, that Woodworth should have the benefit of the mortgage; that in May, 1839, the mortgagor (Robert Barrett) conveyed the mortgaged premises to the orator, who assumed, as between himself and the mortgagor, to pay the mortgage notes; and it is alleged, that those notes have passed into the hands of the defendant William K. Manning, who now holds them as security for moneys, which he has advanced to the executors of Woodworth. The other defendant, (Sargeant,) it appears, after the mortgagor had conveyed his equity of redemption to the orator,

attached the land upon process against Edward Manning, the original mortgagee, and, having obtained judgment, levied his execution upon the land, and has his action of ejectment now pending against the orator to recover possession.   The primary object of the bill is, to obtain an injunction of that suit, in order that the orator, standing in the place of the mortgagor, may with safety pay the incumbrance upon the land, and thereby be quieted in his title.

The first question presented is, does the orator need any relief, as against Sargeant, and is he entitled to any in a court of Chancery ? Though it appears, that, prior to the attachment by Sargeant, the executors of Woodworth had brought an action of ejectment on the mortgage deed, in the name of the original mortgagee, and had obtained judgment by default, yet there was no foreclosure of the equity of redemption, and possession was taken of the premises by the assignee of the mortgagee.

The orator has argued correctly, that Sargeant could gain no title to the land by the attachment and levy of execution against Edward Manning.   The principle is well settled, that a *mere mortgagee* has no attachable interest in the lands mortgaged, but holds them only as a pledge, or security, for the debt, possessing but a mere chattel interest, at least as to third persons, so long as they remain such security; and that the mortgage is but an *incident* to the debt, and goes with it ; it cannot exist without it ; and when the debt is cancelled, the legal effect of the mortgage is cancelled also.   Consequently, Sargeant gained no possible title, in law, or equity, against the mortgagor, or his assignee.   Most clearly, then, he can maintain no action of ejectment against the orator.   Why then should the orator come into chancery to enjoin him ?

The principle is unquestioned, that any party, having a clear and ample remedy at law, cannot transfer the subject matter of the controversy to a court of equity.   He must and should be left to his remedy at law.   The orator does not come here, because of any imperfection in his deed from the mortgagor; he does not even allege that his deed has but one witness ; and he must stand on the allegations in his bill, and cannot make a different case by his evidence.   If Sargeant were in possession of the premises and the orator's title were imperfect at law, because there was but one witness to his deed, he might need the aid of a court of equity ; but he avers no such fact in his bill.

47

Barrett *v.* Sargeant et al.

The bill, it is true, has been taken as confessed against William K. Manning; but no reason exists why he should be enjoined from collecting the notes. The bill alleges, that the notes passed into his hands from the assignee of the mortgagee, and that part of them remain unpaid. The orator, on paying what is due, is entitled to hold the premises discharged from the incumbrance. The bill does not appear to have been drawn, in order to let in the orator to redeem; but we think it may with propriety be changed into such a bill. But the executors of Woodworth must be made parties to it. The mortgaged notes belong to his estate, and the defendant Manning, as the bill alleges, holds them only as security for money advanced for the executors.

The decree of the chancellor, as to both defendants, must therefore be reversed, and the case be remanded to the court of chancery, with directions to dismiss the defendant Sargeant with his costs in this court, to be decreed to him, and that the orator be permitted to retain his bill against the defendant Manning and amend the same, by adding new parties, in the discretion of the chancellor,—and in that event to be proceeded with in that court. We think the costs already accrued in the court of chancery should be decreed to neither party, and that Sargeant is entitled only to his costs in this court; for he was in some measure in the wrong, in attempting to gain a title to the premises by levy upon them as the property of Edward Manning.