## FREDERICK LUNDAHL

### v.

## W. T. HANSEN.

*Real Property—Contract for Sale of—Forfeiture—Pleading.*

1. An allegation in a bill that complainant is informed and believes a certain thing, is not an averment of any material fact.

2. If unable to make positive averment, a complainant may allege that he was so informed, and so believed, and thereupon so averred and charged, or that upon the best of his information and belief he averred and charged.

3. Where, at the time a bill was filed in a controversy based upon a contract for the sale of real estate, the time to convey had not arrived, the fact that at such time the defendant did not have a complete and perfect title is immaterial.

4. An allegation that the contract in question contains a statement that notes were given is not a sufficient charge that any notes were given in such case.

5. Upon a bill filed for the cancellation of a real estate contract and for a repayment of money paid thereunder, this court holds that neither the bill nor the evidence made a case for the interposition of a court of equity, and that the bill was properly dismissed.

[Opinion filed November 17, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Lundahl v. Hansen.

Mr. E. F. Thompson, for appellant.

Messrs. Hofheimer & Zeisler, for appellee.

Mr. Justice Waterman.   On the 15th day of July, 1889, Frederick Lundahl, the appellant, entered into a contract with W. T. Hansen, the appellee, whereby appellant was to purchase of appellee one hundred and sixty acres of land in Murray county, Minnesota, for the sum of $1,840.   As alleged in the bill, appellee had then no title except a contract for a title.   The contract evidencing this agreement acknowledges the receipt of a cash payment amounting to the sum of $1,463, which was paid by a deed to certain Englewood property, the said Hansen assuming the incumbrance thereon, and the balance evidenced by promissory notes to be paid in three annual payments, as follows : One note for $152.05, due July 15, 1890; one note for $143.25, due July 15, 1891, and one note for $134.45, due and payable on the 15th day of July, 1892.

The first of these three notes, falling due July 15, 1890, was paid and canceled.   Some three months before the second note fell due, appellant had a conversation with appellee, in which appellee promised to extend the time of payment of the second note for $143.25, due July 15, 1891, and that appellee would carry appellant along for that year.   Before the days of grace had run on this note, appellee's agent served a written notice of forfeiture upon appellant, in which the contract was declared forfeited; and all payments made under the contract were claimed to be retained by the appellee.

Some few days after the notice of forfeiture of the contract given by appellee, appellant procured the money necessary to meet the payment and went to the office of appellee and offered to appellee's agent the sum of $145, being a few dollars in excess of the amount of the note, for the non-payment of which the contract had been declared forfeited.   The agent of appellee refused to accept the money, stating that he would stand upon the forfeiture as

declared. Subsequent to the offer by appellant an effort was made by him to persuade appellee to make some satisfactory adjustment of the matter, but the parties were unable to come to an agreement.

On the 27th day of October, 1891, appellant filed his bill in chancery for a cancellation of the contract, and for a repayment of the money paid by him under and in pursuance of the contract. A general demurrer which was filed to the bill was overruled.

The bill was, upon the hearing, dismissed for want of equity; from this decree the complainant has appealed.

As was and is insisted by appellant, the contract could not be forfeited July 15, 1891, for failure to pay a note that did not fully mature until July 18th. The declaration of forfeiture was wholly nugatory. It was not personally made by appellee but by his agent, and was not insisted on by appellee. By the terms of the contract if a forfeiture had been properly declared for just cause, the payments already made would have been forfeited. Appellee did not insist upon anything of the kind; the most that he did was to say that he could not very well go back upon his agent, and to offer to return to appellant some of the money he had paid; appellant said he would think of the matter and went away. Appellee on the 24th of October mailed a letter to appellant, in which he revoked the notice of forfeiture, and expressed a willingness to carry out the contract.

Appellant in due course of mail ought to have received this on the 25th, but says that he did not, and on the 27th filed his bill.

Why, if appellant was entitled to file a bill for the repayment to him of the money he had paid, he did not ask to have the outstanding notes he had given returned to him, is not explained. At all events, the bill fails to mention that any notes are outstanding or were ever given, or that the written contract was then in the hands or control of appellee, save that in the exhibit of the contract attached to the bill, there is a recitation that appellant has given his prom-

Lundahl v. Hansen.

issory notes for three several sums therein mentioned; but even in the agreement, to whom he has given the notes, or to whom or whose order they are payable, is not mentioned; the bill thus fails to have any allegation that any notes were given.

The most that can be said is, that the bill alleges that the alleged agreement contains a statement that notes were given by appellant. This is not a sufficient charge. Story's Eq. Plead., Sec. 27; Wright v. Dame, 22 Pick. 55; White v. Yaw, 7 Vt. 357.

The jurisdiction of a court of equity is in this case invoked to cancel a contract not alleged to be out of the possession or control of the complainant, or in that of the defendant. So far as putting the contract to an end, that, if appellant's position be true, could have been done by the giving of notice by appellant that he acquiesced in the declaration of forfeiture; the interposition of a court of equity was not needed in order to terminate the contract.

It is not alleged that there is an instrument in the possession of the defendant which should be surrendered and canceled; there are not shown to be any outstanding notes, and the bill therefore remains an attempt solely to recover money paid upon a contract without bringing an action at law. The demurrer to the bill should have been sustained.

There is in the bill the allegation that complainant is informed and believes that the defendant, at the time of the making of the agreement, had no legal title to the premises, and that the defendant has had no title to the property at any time since the making of the contract; this is not a sufficient allegation.

A mere allegation that the complainant is informed and believes so and so, is not an averment of any material fact. A complete answer to such an averment would be for the defendant to say that he denies that the complainant is either so informed or so believes; the issue thus made up would be, not what is the fact, but is the complainant so informed and does he so believe?

The complainant might, if unable to make positive aver-

ment, have said that he was so informed and so believed, and thereupon so averred and charged, or that upon the best of his information and belief he averred and charged. Campbell v. P. & D. R. Co., 71 Ill. 611; Walton v. Westwood, 73 Ill. 125; Story's Eq. Plead., Secs. 27–241; McDowell v. Graham, 3 Dana (Ky.), 73; Longes v. Kennedy, 2 Bibb. 607; Jones v. Cowles, 26 Ala. 612–614; Cameron v. Abbott, 30 Ala. 416; Nix v. Winter, 35 Ala. 309; Ex parte Reid, 50 Ala. 439; Wells v. Bridgeport, 30 Conn. 316.

The evidence showed that appellee had, when the contract was made, a contract for a title; that he had possession of the land, and had paid taxes on it since 1885, and that at the time of the trial he had a warranty deed of the premises, and was willing to carry out the agreement.

When the bill was filed, the time at which appellee was bound to convey had not arrived. That, before being bound to convey, he did not have a complete and perfect title, is immaterial. Monsen v. Stevens, 56 Ill. 335.

Neither the bill nor the evidence made a case for the interposition of a court of equity; the bill was therefore properly dismissed.

*Decree affirmed.*

Judge SHEPARD took no part in the consideration or decision of this case.