## JOEL B. BARTLETT, ADMINISTRATOR

### v.

## WALKER BROTHERS.

CHITTENDEN COUNTY, 1893.

Before: ROSS, CH. J., ROWELL, MUNSON AND START, JJ.

*Insolvency. Fraudulent preference. Administrator of deceased insolvent cannot avoid preference. Assignee no lien on such property after decease. Practice.*

1.  In case of an unlawful preference within R. L. ss. 1860, 1861, the adjudication of insolvency does not render the conveyance void. It is valid until set aside by a judgment in a suit prosecuted by the assignee.

2. So where a debtor made such a conveyance, was within four months adjudged an insolvent, but deceased before the assignee had begun proceedings to vacate the same, his administrator cannot upon the discontinuance of insolvency proceedings under R. L. s. 1883, maintain a suit to avoid it.

3. In such a case the assignee in insolvency has no lien for his expenses upon the property fraudulently conveyed.

4. An agreement between the parties to a chattel mortgage that the mortgagor may sell the mortgaged goods in course of trade and apply the proceeds in liquidation of the debt, does not *per se* render the mortgage fraudulent.

5. A defendant in equity does not, by neglecting to bring forward for hearing the demurrer incorporated into his answer, waive his right to insist upon trial that the orator shall make out his title to the property involved.

6. If an orator fails to establish the facts upon which he bases his claim to relief in equity, he is not entitled to relief in respect of other matters as to which he has an independent and adequate remedy at law.

Bill to set aside certain mortgages. Heard at the September term, 1892, upon the report of a special master. Rowell, chancellor, *pro forma*, dismissed the bill. The orator appeals.

The intestate, George W. Curry, was the proprietor of a small retail store located at Shelburne Falls, and in the course of his business bought considerable quantities of goods from the defendants who were wholesale dealers located at Burlington. Having become indebted in this way to the defendants in the sum of $1,800, he executed to them as security on the 22d day of October, 1889, two mortgages, one of real estate and the other of his stock in trade.

At the time of the execution of the chattel mortgage, it was agreed between Curry and the attorney of the defendants that Curry might continue to sell his goods covered by the chattel mortgage in the same way that he had done before, applying the proceeds upon the defendants' debt; and Curry did so continue to sell the goods, but instead of apply-

ing the proceeds upon the defendants' debt, used them to replenish his stock from time to time, a portion of the goods so bought being from the defendants.

February 19, 1890, Curry filed his petition in insolvency, upon which, March 5th following, he was adjudged an insolvent debtor. The orator was duly elected and qualified as assignee, and was proceeding in such capacity, when, on March 14, 1890, Curry died intestate. March 22d, the orator was appointed administrator upon his estate, and as such immediately took possession of the property.

The indebtedness not having been satisfied, the defendants caused the property covered by their chattel mortgage to be sold on June 23, 1890. Previous to this time one of the defendants and a former clerk of Curry had been through the stock of goods and separated the articles bought after the execution of the mortgage from those covered by the mortgage, but owing to some misapprehension upon the part of the clerk, certain articles which had been purchased subsequently to the execution of the mortgage were included with those supposed to be covered by the mortgage. These were sold under the mortgage and the defendants received the avails of them.

In view of the decision of the court, the facts reported by the master bearing upon the question whether or not the conveyances were fraudulent under the statute are not material.

*L. F. Wilbur* and *H. S. Peck* for the orator.

The agreement that the mortgagor might continue to sell his goods notwithstanding the mortgage was fraudulent and rendered the mortgage void. Jones Chat. Mort.; ss. 367, 386, 395, 399, 401, 402, 417 ; *Robinson* v. *Elliot*, 22 Wall. 513 ; *Robins* v. *Parker*, 3 Met. 117 ; *Steinart* v. *Druster*, 23 Wis. 136 ; *Barnet* v. *Fergus*, 51 Ill. 352 ; *Smith* v. *Cooper*, 27 Hun. 565 ; *Marston* v. *Vultee*, 5 Bosw. 129.

The defendants by not bringing forward their demurrer for argument have waived their right to insist that a court of equity has not jurisdiction. *Waterman* v. *Buck*, 63 Vt. 549; *Underhill* v. *VanCortlandt*, 2 Johns. Ch. 369.

The administrator can maintain suit to set aside these mortgages. An adjudication of insolvency and assignment to the assignee makes the estate an insolyent estate, and the property is to be treated as that of an insolvent estate, although the law says that it shall be passed over to be administered upon by the probate court. R. L. ss. 1818-1820; *Fryden* v. *Bardwin*, 103 Ill. 325; 1 Sto. Eq. Jur., ss. 28, 29, 32, 33; *Morse* v. *Slason*, 13 Vt. 296; Jones on Liens, ss. 29, 30, 37, 93.

The mortgages having been given in violation of statute law were void. 3 Am. and Eng. Enc. Law 872; *Miller* v. *Post*, 1 Allen 434; Potter's Dwarris, 157.

*J. W. Russell* and *W. L. Burnap* for the defendants.

The administrator cannot maintain this suit. It is only the assignee in insolvency, as such, who can avoid the conveyances. *Reed* v. *McIntyre*, 98 U. S. 513; *Stewart* v. *Platt*, 101 U. S.; S. C. 19 B. R. 348.

The opinion of the court was delivered by

START, J.    The orator, as administrator of the estate of George W. Curry, seeks to have set aside certain mortgages executed by his intestate to the defendants.

Curry was adjudged an insolvent debtor within four months from the time of the execution of the mortgages, and the orator was appointed assignee of his insolvent estate; but, before the mortgages had been adjudged void, or the assignee had brought an action for the recovery of the property or its value, Curry died, the proceedings in insolvency were discontinued and the orator was appointed administrator of his estate.

By the death of Curry the court of insolvency was deprived of further jurisdiction over the estate, the proceedings were discontinued, the orator's right as assignee was terminated and he cannot recover by reason of the provisions of the statute relating solely to proceedings in insolvency.

R. L. s. 1883, provides that, " If a debtor dies after the filing of the petition by or against him, the proceedings shall be discontinued and the debtor's estate settled in the probate court like other estates of deceased persons."

The words, " Like other estates of deceased persons," admit of no doubtful construction, they mean just what the language imports, and the simple question is, does the law relating to the settlement of the estates of deceased persons authorize a recovery in this case? R. L., s. 2,162, authorizes an executor or administrator when there is a deficiency of assets in his hands to commence and prosecute to final judgment any action or suit for the recovery of real or personal estate fraudulently conveyed by the deceased; but the property in question was not fraudulently conveyed.

The master has failed to find such facts as would justify the court in so holding. The property was transferred for the purpose of securing a debt honestly due and owing from the orator's intestate to the defendants.

There is nothing in the law relating to the settlement of estates of deceased persons that declares such a transaction fraudulent or authorizes an administrator to recover the property. The orator's intestate had a right to give and the defendants to take security for the payment of their debt and the defendants cannot be lawfully deprived of this security except by insolvency proceedings; and the aid of these proceedings cannot be invoked because the debtor is dead and the statute declares that his estate shall be settled, " Like other estates of deceased persons."

They were not divested of their title to the property by the adjudication in insolvency. The question of their right to

retain the property is made by the insolvency law to depend wholly upon facts found in proceedings subsequent to the adjudication, instituted by the assignee for the recovery of the property or its value. An adjudication of insolvency is not an adjudication that the debtor was insolvent, or in contemplation of insolvency at the time the conveyance was made, or that it was not for a present consideration, or that the person receiving the transfer had reasonable cause to believe the debtor insolvent or in contemplation of insolvency, or that the transfer or conveyance was made in fraud of the law relating to insolvency. These questions are all to be determined after the adjudication of insolvency and before the creditor can be divested of the property or the assignee made accountable for it. In *Lewis et al.* v. *Burlington Savings Bank,* 64 Vt. 626, it is held that conveyances made in fraud of the law relating to insolvency are not void but voidable at the election of the assignee.

The property in question never came to the assignee as assets of the estate. Property conveyed in fraud of the law relating to insolvency is not assets in the hands of the assignee, and he is not accountable for it until there is a recovery as provided in sections 1,860 and 1,861. He does not take such property by assignment from the court of insolvency (R. L., 1,820), but takes it by recovery in an action authorized by sections 1,860 and 1,861. The steps necessary to divest the defendants of their property could be taken only by the assignee. They were not taken. The orator has ceased to be assignee, and he must stand upon his rights as administrator of a deceased person's estate, and not upon the rights of an assignee of an insolvent debtor's estate.

II.   The master finds that at the time the chattel mortgage was given, it was agreed that the mortgagor might dispose of the goods as he had been doing and apply the avails thereof in liquidation of the defendants' claim, and that the

mortgagor proceeded to sell the goods and from time to time replenished his stock with the same line of goods. The orator claims that this agreement and sale of goods by the mortgagor rendered the mortgage fraudulent. There is nothing in the report to show that this arrangement was fraudulent in fact, and the arrangement itself did not render the mortgage fraudulent and void as a matter of law.

The case of *Peabody, assignee,* v. *Landon,* 61 Vt. 318, is full authority for this holding.

III. The defendants have lost nothing by not seasonably insisting upon the demurrer contained in their answer. By omitting to do so they have not waived their right to insist that the orator establish his right to the property as against them.

IV. The orator's claimed lien upon the mortgaged property for the payment of the expense incurred in the insolvency proceedings is inoperative as against the defendants.

The facts that defeat his claimed title to the property itself defeat his claimed lien. The fact that there are no assets does not change the law. An assignee is bound to know before incurring expense whether there are available assets out of which it can be paid.

The orator had no right to incur expense, relying upon the property in question for payment, until the mortgages were adjudged void and he had recovered the property or its value.

He has no right to reimburse himself out of the defendants' property until their mortgages have been adjudged void and the property has become assets of the insolvent estate.

The mortgages can never be adjudged void, nor the property or its value recovered, because the remedy provided by the statute is inoperative since the discontinuance of the insolvency proceedings.

V. The master has found that the defendants, in taking possession of the goods included in their chattel mortgage,

by mistake took some new goods that had been purchased subsequent to the execution of their mortgages and not included therein; and the orator insists that he is entitled to relief in respect to these new goods. The bill is framed with reference to relief, or a recovery in respect to real and personal estate claimed to have been conveyed by the orator's intestate to the defendants in fraud of the insolvency law; the orator having failed to establish such facts as would justify the court in granting relief in respect to these matters, there is no basis or foundation upon which the court can proceed and grant relief in respect to the new goods which are in no way referred to in the bill and for the recovery of which the orator has an adequate remedy at law.

*The pro forma decree of the court of chancery dismissing the bill is affirmed and the cause remanded.*

Ross, Ch. J. dissents.

ROSS, Ch. J. I am unable to concur in the views of my associates as expressed in the first point in the opinion. The insolvent law was enacted subsequently to the general law for the settlement of estates, and brought a new element into their settlement. R. L. 1,883, providing that if the debtor died pending the proceedings in insolvency such proceedings shall be discontinued and the debtor's estate settled in the probate court like other estates of deceased persons, does not mean that the estate shall be settled disregarding what has been done in the insolvency proceedings. Such proceedings may have progressed so far as to adjudicate that the assignee shall recover payments and that attachments and conveyances are void and must be set aside. They may have proceeded so far that the estate is in money in the assignee's hands awaiting distribution only. A judgment in favor of the assignee to recover a payment uncollected on the death of the insolvent, I think, could be en-

forced for the benefit of the estate. Such adjudications do not become void nor unenforceable upon the death of the debtor and the discontinuance of the further proceedings in insolvency. I think the administrator and probate court take the estate in the legal condition in which the insolvent proceedings have placed it. R. L. 1,883 does not provide that what has been done or adjudicated in the insolvent proceedings shall be vacated, but that they shall be discontinued, that is, they shall proceed no further. The intestate had been adjudicated an insolvent. That adjudication is still in full force. With that in force R. L. 1,860 provides that conveyances and pledges of the insolvent's property, among other things, made within four months of the commencement of the proceedings in insolvency with a view to give a preference to a person having reasonable cause to believe the maker insolvent, shall be void and the assignee may recover the property or the value thereof. With the adjudication of insolvency still in force, if the mortgages made to the defendants were made under the conditions named within the time limited, I think they were void as declared by the statute. I do not think the administrator is precluded from showing that the facts existed that rendered them void under the statute, any more than he would be to show that any other conveyances made by the intestate were void at law. When the existence of the necessary facts is established, including the adjudication in insolvency, the statute itself makes the mortgages void, and the property pledged the property of the estate. I do not think that the existence of the conditions must be established in the insolvent proceedings, nor in the name of the assignee. On the adjudication in insolvency and the existence of the requisite conditions being shown, the statute declares the mortgages void. Neither the court of insolvency nor the court of chancery can adjudge the mortgages void, except upon the establishment of the conditions named in the section and then only by

force of the statute.    It is the statute and not the court that
renders such conveyances void. . The section is that " the
property or the value thereof" may be recovered.    To that
extent the assignee or administrator may elect to recover the
value of the property conveyed rather than the property
conveyed or pledged.    This is all that is held in *Lewis*
v. *Burlington Savings Bank*, 64 Vt. 626.    What is
said in that opinion about the statute being so construed as
to make such transaction voidable at the election of the as-
signee, is no more than in other terms repeating the language
of the act, that the assignee may " recover the property or
value thereof"; that is, if he prefers to recover the value of
the property he may elect to do so and allow the conveyances
to stand.    Entertaining these views of the effect of the stat-
ute, I should allow the administrator in the court of chancery
if he can, to establish the necessary facts to render the mort-
gages in controversy void under the statute and to have them
so declared.    If my associates' views are sound on this point
I do not dissent upon the other points considered in the opin-
ion.