Sarah E. Gilfillan's Admr. et al. *v.* B. M. Bixby et al.

October Term, 1927.

Present:   Watson, C. J., Powers, Slack, Moulton, and Chase, JJ.

Opinion filed November 2, 1927.

*Executors and Administrators—Standing of Plaintiff Who Is Administrator and Sole Heir of Mortgagor in Suit To Enjoin Foreclosure of Chattel Mortgage—Chattel Mortgages—Affidavit Not Essential to Common Law Mortgage Where Mortgagee Secures Possession of Property Prior to Intervention of Rights of Third Persons—Failure of Consideration—Pleading—Forebearance to Serve Capias as Consideration for Chattel Mortgage.*

1   Administrator and sole heir of mortgagor in procedure to enjoin foreclosure of chattel mortgage stands in right of mortgagor.

2. Chattel mortgage *held* good between parties at common law, and defective affidavit, or even absence of one, did not make it otherwise.

3. Where chattel mortgage was good between parties, and no rights of third persons had intervened when mortgagee took possession of property covered, such mortgage thereby became good and valid as against all persons, and related back to time of its execution.

4. In proceeding by administrator and sole heir of mortgagor to enjoin foreclosure of chattel mortgage, claimed reason for failure of consideration not alleged in bill of complaint cannot avail plaintiff, because a party cannot set up one case in his pleadings and make a different one by his proof, but can recover only according to allegations in bill.

5. In such suit, forbearance by officer having capias to arrest plaintiff and cause his commitment thereon, *held* sufficient consideration to support giving of chattel mortgage.

APPEAL IN CHANCERY. Heard on bill, answer, and facts found by chancellor, in vacation after the June Term, 1926, Caledonia County, *Thompson*, Chancellor. Bill dismissed. The plaintiff appealed. The opinion states the case. *Affirmed.*

*Shields & Conant* for the plaintiff.

*Searles & Graves* for the defendant.

MOULTON, J. The plaintiff, both as administrator of the estate of his mother, Sarah E. Gilfillan, and personally as her only heir at law, seeks to enjoin the foreclosure of a chattel mortgage given by Mrs. Gilfillan to the defendant Bixby covering certain household furniture owned by her. Defendant Batchelder is a deputy sheriff acting in behalf of Bixby in the foreclosure. After hearing and facts found by the chancellor a decree was entered dismissing the bill with costs, and the plaintiff has appealed.

Among other grounds for relief the bill charges that the mortgage was obtained by fraud and duress and was executed upon Sunday and not thereafter ratified, but, as the facts have been found to the contrary upon these issues, and are not challenged by exceptions, we spend no time in their consideration.

The only points insisted upon in the plaintiff's bill are that the findings show that the oath appended to the mortgage and subscribed by Mrs. Gilfillan and Bixby was false to the latter's knowledge, and that the mortgage was without consideration. For these reasons, says the plaintiff, the decree should have been in his favor.

From the findings of fact, it appears that one Fred F. Spear brought suit against the plaintiff, claiming to recover damages for fraud in the sale of certain hay. The writ was issued as a capias, and was placed in the hands of the defendant Bixby, who was a deputy sheriff, for service. His instructions were to collect the claim, or get it satisfied. He went to the plaintiff's residence and informed him that he had the writ, and that, unless a settlement should be made, he would arrest him and take him to St. Johnsbury. The plaintiff inquired whether he would take security, and Bixby answered, "Yes." The plaintiff went into his mother's room, and presently she came out and said that she would give a mortgage on all her personal property to secure the amount involved rather than that her son should go to jail. The attendance of the town clerk was then procured, and the mortgage prepared by him and executed by the parties, Mrs. Gilfillan doing so upon the advice of the plaintiff. The instrument was then delivered to the town clerk for record, and, later, by him recorded. At the time the mortgage was given Mrs. Gilfillan owed no money either to Spear or to Bixby, as the latter well knew. She executed the mortgage solely for the purpose stated above. At some time before the bringing of the bill of complaint in this case, Bixby took the personal property covered by the mortgage into his possession and caused it to be advertised for sale.

The condition of the mortgage adequately describes the purpose for which it was given. The affidavit is that the mortgage is made for the purpose of securing the debt specified in the condition, and for no other purpose whatever, and that the same is a just debt honestly owing from the mortgagor to the mortgagee.

The bill alleges that Mrs. Gilfillan, on the date of the mortgage, did not owe any sum of money either to Bixby or to Spear, and that the sum named in the mortgage or any part of it was not then and there a just sum honestly due and owing from her to Bixby.

However, it is not necessary to consider the question of the truth and sufficiency of the affidavit, even if the language of the bill, above quoted, is to be construed as a claim to that effect.

[1-3]   The plaintiff stands in the right of the mortgagor. The mortgage was good between the parties at common law, and a defective affidavit, or even the absence of one, did not make it otherwise. *Bean* v. *Parker,* 89 Vt. 532, 540, 96 Atl. 17; *Northfield Bank* v. *Ellis Granite Co.,* 100 Vt. 11, 21, 134 Atl. 595; *Thompson, Trustee* v. *Fairbanks,* 75 Vt. 361, 374, 56 Atl. 11, 104 A. S. R. 899; *Whiting* v. *Adams,* 66 Vt. 679, 686, 30 Atl. 32, 25 L. R. A. 598, 44 A. S. R. 875. Indeed, a verbal security upon chattels is valid at common law as between the parties. *Mower, Trustee* v. *McCarthy,* 79 Vt. 142, 148, 64 Atl. 578, 7 L. R. A. (N. S.) 418, 118 A. S. R. 942; *Rice's Assignees* v. *Hulett,* 63 Vt. 321, 324, 22 Atl. 75. Furthermore, since the mortgage was good between the parties, and no rights of third persons having intervened, when the mortgagee took possession of the property covered by it, it became good and valid as against all persons, and related back to the time of its execution. *Thompson, Trustee* v. *Fairbanks,* 75 Vt. 361, 368, 369, 56 Atl. 11, 104 A. S. R. 899; *Bean* v. *Parker,* 89 Vt. 532, 540, 96 Atl. 17; *McCloud* v. *Wakefield,* 70 Vt. 558, 559, 560, 43 Atl. 179.

[4]   It is urged in the plaintiff's brief that the findings show that the claim against the plaintiff in favor of Spear upon which the capias was based, was unliquidated and that the exact amount of it has never been determined, and that therefore there was no consideration for the mortgage. But this contention, as to the soundness of which we say nothing, will not avail the plaintiff, because failure of consideration for this reason is not alleged in the bill of complaint, and a party cannot set up one case in his pleadings and make a different one by his proof. *Barrett* v. *Sargeant,* 18 Vt. 365, 369; *Bartlett* v. *Walker Bros.,* 65 Vt. 594, 600, 601, 27 Atl. 496. He can recover only according to the allegations in his bill. *White* v. *Yaw,* 7 Vt. 357, 362; *Sanborn* v. *Kittredge & Morrill,* 20 Vt. 632, 636, 637, 50 A. D. 58.

[5]   Furthermore, if we construe the bill to mean that there was no consideration for the mortgage because no sum of money was due and owing from Mrs. Gilfillan to Bixby or to Spear, this claim is not tenable. The consideration moving between the parties was the forebearance on the part of Bixby to

arrest the plaintiff and cause his commitment upon the capias. This was amply sufficient to support the giving of the mortgage by Mrs. Gilfillan.    *Green* v. *Kelley*, 64 Vt. 309, 311, 24 Atl. 133.

The plaintiff has advanced no claim that the condition of the mortgage has not been broken, so that the foreclosure is premature. We have therefore considered all the questions raised before us, and find no error in the proceedings below.

*Decree affirmed and cause remanded.*