## SHERWIN AND SALPAUGH *v.* RUT. & BUR. RAIL ROAD CO.

### *Contract under Seal.    Condition Precedent.*

Where the plaintiff contracted under seal to perform certain labor upon defendant's road, *by a specified time*, which was subsequently enlarged *by parol*, it was *held*,—that plaintiff's cannot sue in covenant.

A contract under seal cannot be varied by a mere parol contract, whether in writing or not, since such a contract is inferior to the original contract.

But written contracts not under seal may be varied; then both contracts, being of the same grade, the whole being set forth, and performance alledged, within the enlarged time, assumpsit will lie. So too, when the covenants are independent of each other, one may maintain an action, without avering performance on his part.

In a contract under seal, if the defendant hinders the plaintiff from full performance of a condition precedent, or if he expressly waive it, under his hand and seal, he is estopped from insisting upon the failure of plaintiff in his defense.

ACTION for a breach of covenant, in three counts. To the first count the defendants pleaded, and issues were joined. To the second and third counts, the defendants demurred.

The county court, December TERM, 1851,—COLLAMER, J. presiding—rendered judgment that the second and third counts were insufficient.

Exceptions by plaintiffs.

The *second count* presents this question :—If one, who has *covenanted* to perform certain work by a certain time, fail to perform by the *time stipulated*, can he sustain an action *upon the covenant*, by proving, that *the time for performance was enlarged by parol.*

The *third count* presents the question, whether if one, who has *covenanted* to perform labor, upon a railroad, *by a time specified*, fail to perform his covenant *by the time*, he may sustain an action upon the covenant, by proving that after the time had expired, he continued, with the knowledge of the Railroad Co., to perform such labor as the covenant required, and received directions from time to time in reference to its performance, and received partial payments, and that he did complete, ultimately, the whole·labor, and that the work, was then accepted and used by the corporation. A discontinuance being entered as to the ‚first count, the case passed to this court for revision.

*Washburn & Marsh* for plaintiffs.

We admit, that the general rule has been, previous to the case of *Myrick* v. *Slason et al.,* 19 Vt. 121, that if one covenant to do work by a time specified, and omit to perform it within the time, he cannot sustain an action upon the covenant : but if, after the time limited, he still proceed with the work, and the other party encourage him in so doing, or by parol enlarge the time of performance, and accept the work, when completed, the party performing the labor may recover upon a *quantum meruit. Porter et al.* v. *Stewart,* 2 Aik. 417. *Little et al.* v. *Holland,* 3 T. R. 590.— *Brown* v. *Goodman,* 3 T. R. 592. (*n*). *Cook* v. *Jennings,* 7 T. R. 381. *Heard* v. *Wadham,* 1 East. 619. *Phillips* v. *Rose,* 8 Johns. 393. *Freeman·*v. *Adams,* 9 Johns. 115. *Burn* v. *Miller,* 4 Tount. 745. *Creig* v. *Talbot,* 2 B. & C. 179. (9 E. C. L. 56.) But we submit, that the case of *Myrick* v. *Slason et. al.,* has established a different rule ; and that upon the authority of that case, if it appear, that the party has performed the work, both parties understanding that it was performed under the contract, a recovery can *only* be had in action of covenant, although the contract be not performed according to its terms. Whether the *time,* within which a covenant is to be performed, is any more a condition pre-. cedent to the right to demand payment, than the *manner* of performance, is a question, which perhaps arises in this case, as dis-

tinguishing it from *Myrick* v. *Slason et al.,* and which we submit to the determination of the court.

*Tracy, Converse & Barrett* for defendants.

The law is too well settled, now to be questioned, that in the action of *covenant* when there is a condition precedent to be performed, such precedent condition must be performed and avered in order to entitle the plaintiff to recover. If parties enlarge the time or make any other alteration in the terms of the covenant, no recovery can be had on the covenant although the parol agreement be strictly complied with. *Porter et. al.* v. *Stewart,* 2 Aik. 417, and cases there cited.

By the Court. This case presents the naked question, whether the plaintiff having contracted *under seal* to perform certain labor upon the defendant's road, *by a specified time,* which was subsequently enlarged *by parol,* can sue in covenant. The case of *Porter* v. *Stewart,* 2 Aiken 417, expressly decides, that he cannot, and that case has never been questioned, in this State, although the case of *Little* v. *Holland,* upon which the case of *Porter* v. *Stewart* is professedly based, has been sometimes doubted elsewhere. But although resting upon the merest technicality, it seems to us sound. It goes upon the ground, that performance, on the part of the plaintiff by the time stipulated, is a *condition precedent* to any right of action on his part, as, in a case like the present, where performance on the part of the plaintiff is the entire consideration for the defendants covenant, it always is. And also that the contract, being under seal, cannot be varied, by a mere parol contract, whether in writing or not, since such a contract is inferior to the original contract. But if the defendant hinder the plaintiff from full performance of a condition precedent, or if he expressly waive it, under his hand and seal, he is estopped from insisting upon the failure of plaintiff in his defense; he is estopped in the one case by his own wrong, and in the other by his deed.

This rule does not apply to written contracts, not under seal.— Then both contracts, being of the same grade, the whole being set forth, and performance alledged, within the enlarged time, assumpsit will lie. So too where the covenants are independent of each

other, one may maintain an action without avering performance on his part.

But in a case like the present, it is now considered, that if the party chooses to sue upon the contract *specially*, he must declare in assumpsit, treating the enlargement as having incorporated the original terms of the contract into itself, and so all resting in parol, *Vicary* v. *Moore*, 2 Watts R. 451. Chit. on Con. 113 and notes. How far the party in such a case would be entitled to sue in a general action, it is not necessary to consider. The case of *Myrick* v. *Slason et al.*, 19 Vt. R., is not applicable to this subject, for many reasons. No question of the effect of the subsequent alteration of the contract under seal is there made, as there was no evidence of any such thing. The plaintiff there claimed to recover in *book account* for an *attempt* to perform his contract, without any waiver or alteration of the contract, and where all he had done had been done and received under the contract. It is there said the plaintiff's remedy was under the contract, in covenant and not on book. But as the question was not before us, we did not intend to decide whether, upon the facts there found, the plaintiff could recover in any form. We presume, however, that after the decision then made, no one ever supposed he could.

Judgment affirmed.

REDFIELD, J. My own views, upon the subject of the alteration of contracts under seal, are fully expressed in *Lawrence* v. *Dole*, 11 Vt. R., 549, upon more examination of the subject, than is now in my power. It is there said, " Where this alteration is " in regard to a condition precedent, and is necessary to be shown " by the party afterwards seeking redress upon the contract, it is " required, that the alteration should be by a contract of as high a " nature as the original contract ; else the party performing the al- " tered contract will lose his remedy, i. e., upon the original con- " tract, or in covenant." The rule is there held to be different, where the alteration is relied upon by way of *defense*.