WILLIAM G. FLANDERS *v.* EDWIN FAY.

*Evidence.   Lease.   Written Contract.   Verbal Agreement.*

Where a written lease of certain premises, not under seal, for the term of one year, was produced, it was *held*, that evidence of a verbal agreement, between the parties, entered into subsequent to the execution of said lease, and prior to its taking effect, by which its terms were changed, was admissible.

The rule that a verbal agreement entered into between the parties to a simple contract in writing, before or at the time of the execution of such contract is not admissible to vary or affect its construction, does not apply where it appears that the oral agreement was made subsequent to the execution of the written agreement, and was upon a new consideration.

ASSUMPSIT.   Plea, the general issue, and trial by jury at the May Term, 1867, BARRETT, J., presiding.

The plaintiff gave in evidence to the jury a written contract of lease, not sealed, made the 26th day of February, 1862, and also gave evidence tending to show that the market value of sheep increased during the year covered by the lease.   The court holding that by the terms and legal effect of said lease, the plaintiff was entitled to one-half of the increase of value ascertained by appraisal with reference to the market.   The defendant claimed and offered evidence to show that after said lease was made, and before the 1st day of April, 1862, the parties mutually agreed that the appraisal should be made without reference to market value, but merely with reference to the condition of the property for the purpose of determining whether, at the end of the year, it was in as good, or better, or worse condition, than it was at the commencement of the year, and that the rights of the parties were to be fixed and adjusted, as to the value and increase of said property, on the basis of such condition and not of the market.   This evidence was objected to by the plaintiff, but was admitted by the court,—to which the plaintiff excepted.   Verdict for the defendant.

*Wm. Collamer*, for the plaintiff.

*Converse & French*, for the defendant.

The lease was not under seal. It was simply a parol lease, and was just as much subject to modification and change by subsequent agreements, as though there was no writing about it. *Sherwin et al. v. Rut. & Bur. R. R. Co.*, 24 Vt. 347 ; *Lawrence v. Dole*, 11 Vt. 549 ; *Porter et al. v. Stewart*, 2 Aik. 417.

The opinion of the court was delivered by

PROUT, J. The verdict of the jury in this case has established the fact, that after the execution of the written lease, made a part of the case, and on the 1st day of April when by its terms it was to take effect, the parties to it mutually agreed that the appraisal of the stock, with which the defendant was to stock the farm demised, should be made without reference to its market value, but merely with reference to its condition for the purpose of determining whether at the end of the term for which the farm was leased, it was in as good, or better, or worse condition than it was on the 1st day of April, and that the rights of the parties in that respect was to become fixed, and were to be adjusted as to value and increase of the stock, on the basis of such condition, and not of the market. The lease providing that the increase of the stock should be equally divided between the parties at the expiration of the term, the contemplated appraisal as therein stipulated, affords the basis of ascertaining the value or increase of the stock to be thus divided. Was the evidence showing the subsequent agreement admissible? The case does not show that it was not in writing, but were it not, we think it was properly received. The rule that verbal agreements entered into between the parties to a simple contract in writing, before or at the time of the execution of such contract, is not admissible to vary or affect its construction, does not apply when it appears that the oral agreement was made subsequent to the execution of the written agreement, and upon a new consideration. " Such subsequent oral agreement may enlarge the time of performance—may vary any other terms of the contract, or may waive and discharge it altogether." The distinction is plainly taken and stated in *Goss v. Lord Nugent*, 27 E. C. L. 33, where Lord DENMAN expresses the rule in these

terms : " By the general rules of the common law, if there be a contract which has been reduced into writing, verbal evidence is not allowed to be given of what passed between the parties, either before the written instrument was made, or during the time it was in a state of preparation, so as to add to or subtract from, or in any manner to vary or qualify the written contract; but after the agreement has been reduced into writing, it is competent to the parties, at any time before breach of it, by a new contract not in writing, either altogether to waive, dissolve, or annul the former agreement, or in any manner to add to, or subtract from, or vary or qualify the terms of it, and thus to make a new contract; which is to be proved, partly by the written agreement, and partly by the subsequent verbal terms engrafted upon what will be thus left of the written agreement." This principle seems to be recognized in *Sherwin et al.* v. *Rut. & Bur. R. R. Co.*, 24 Vt. 347, which presented the question, whether the plaintiff in that case, having contracted under seal to perform certain labor by a specified time, which was subsequently enlarged by parol, could sue and maintain an action for a breach of covenant. The court held he could not, but say, " this rule does not apply to written contracts not under seal. There both contracts, being of the same grade, the whole being set forth, and performance alleged, within the enlarged time, assumpsit lies," and it would seem to follow, that it is equally valid as a ground of defence. *Bailey* v. *Sharon*, 9 Cowen, 114; *Erwin* v. *Saunders et al.*, 1 Cowen, 249; *Keating* v. *Price*, 1 Johnson's Cases, 22.

As this view disposes of the only question made by the plaintiff upon the exceptions, the judgment of the county court is affirmed.