LEWIS EARNSHAW *vs.* CHARLES WHITTEMORE & another.

Middlesex.   November 22, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Contract,* Consideration, Performance and breach, Rescission.

Where a contract is modified by agreement of the parties by adding a provision
not before contained in it the additional obligation requires no new considera-
tion to support it, the modified contract taking effect by way of substitution.

At the trial of an action for the price of bottles sold under a contract in writing, in
which the defendant did not deny the amount of the plaintiff's claim but alleged
in recoupment a breach of contract by the plaintiff from which the defendant
had sustained damages to an amount greater than that claimed by the plaintiff,
it appeared that after a part of the bottles had been delivered the contract was
modified by adding a provision that "bottles called for on this contract are to
be made by union workmen or this contract cancelled," that after repeated
demands by the defendant for union made bottles the plaintiff informed the
defendant that he could not furnish such bottles and suggested that the contract
be cancelled, that the defendant declined to terminate the contract and demanded
its performance, claiming damages for the plaintiff's failure to deliver the
bottles called for, and also transferred his moulds which had been in the pos-
session of the plaintiff to another manufacturer. The trial judge ruled that
the defendant could recoup damages to the extent of the plaintiff's claim, and,
as the damages suffered by the defendant exceeded the claim of the plaintiff,
found for the defendant. *Held,* that when the plaintiff refused to perform his
part of the contract the defendant not only became entitled to recover such
damages as had been caused by the breach but also was excused from further
performance on his part, and that the transferring of the moulds was no
breach of the contract on the part of the defendant as it was done after the
refusal of performance by the plaintiff; that the option of the right of cancella-
tion, which was given by the contract in case of a failure by the plaintiff to
furnish bottles made by union workmen, was for the sole benefit of the defend-
ant and did not deprive him of his right to demand and recover damages for
the plaintiff's breach of contract; therefore that the defendant was entitled to
judgment.

CONTRACT by one claiming under an assignment from the
Cumberland Glass Manufacturing Company, a corporation or-
ganized under the laws of the State of New Jersey, for the price
of bottles sold by that corporation to the defendants under a
contract in writing dated February 25, 1902, with an indorse-
ment thereon dated July 15, 1902. Writ dated May 20, 1903.

The defendants in their answer, not denying the amount of the
plaintiff's claim, alleged in recoupment a breach of contract by
the plaintiff's assignor from which the defendants had sustained
damages to an amount greater than that claimed by the plaintiff.

In the Superior Court the case was referred to Arthur D. Hill, Esquire, as auditor, with a stipulation that his findings as to all questions of fact should be final. The auditor found for the defendants, and ruled as matter of law, first, that the plaintiff was not entitled to maintain his action because he had not established that the deed of assignment under which he claimed was the deed of the Cumberland Glass Manufacturing Company, and, second, that if his first ruling was wrong, and the assignment should be held to be valid, in which case it was admitted that the plaintiff in the absence of recoupment would be entitled to maintain his action for the amount stated in the declaration, the defendant was entitled to recoup for an amount in excess of the plaintiff's claim.

The assignment under which the plaintiff claimed was as follows:

"Assignment of an Account.

" Know all men by these presents, That the Cumberland Glass Manufacturing Co., a new Jersey corporation duly established by law and having a usual place of business at Bridgeton, N. J., in consideration of one dollar and other valuable consideration to it paid by Lewis Earnshaw of Boston, Mass. aforesaid (the receipt whereof is hereby acknowledged) do hereby sell, assign and transfer to said Lewis Earnshaw all and whatever sum or sums of money now due and coming due to it from Whittemore Bros. & Co. of said Boston to have and to hold the same to the said Lewis Earnshaw with power to collect the same in his own name and as attorney, hereunto duly authorized to his own use.

"It is expressly understood, however, that the said Cumberland Glass Mfg. Co. are forever to be kept and saved harmless by the said Lewis Earnshaw from all cost or charge hereafter in any way or manner, for and from the expense of the collection of the sum and sums hereby sold and assigned.

" In witness whereof I have set my hand and seal this twenty-second day of May, 1903.

" Cumberland Glass Mfg. Co.<br>
" R. E. Shoemaker, Pres.

" Signed, sealed and delivered in presence of

"John E. Perry."

(Corporate Seal.)

In regard to this instrument the auditor made the following finding: " The signature was in the handwriting of one R. E. Shoemaker and the seal was affixed by him. No other evidence was offered as to Shoemaker's authority to execute the deed on behalf of the Cumberland Company than the fact that he purported to sign as president."

The contract sued upon consisted of an order in writing for certain kinds of bottles in certain quantities at prices named, dated February 25, 1902, addressed to the Cumberland Glass Manufacturing Company and signed in the firm name of the defendants, below which was an acceptance in writing signed " Cumberland Glass Co., by Richard M. More."

Indorsed across the face of this contract was the following:

" Boston, July 15, 1902. Bottles called for on this contract are to be made by Union Workmen or this contract Cancelled.

                        " Cumberland Glass Co.
                                " By Richard M. More."

The facts in regard to the failure to perform the contract are stated sufficiently in the opinion.

The case was heard upon the auditor's report by *Fessenden*, J. The plaintiff asked the judge for eighteen rulings, many of which were made by him. The first ruling requested was that the defendants could not recover upon their answer in recoupment. The judge made this ruling but ruled that the defendants could recoup damages to the extent of any claim of the plaintiff alleged in the action.

The judge refused to make the following rulings:

" 4. That the contract made February 25, 1902, with the indorsement of July 15, 1902, does not, as a matter of law, require that the goods delivered under it be union made goods."

" 6. That if, under the contract of February 25, 1902, either union or non-union made goods could be delivered, and the indorsement of July 15th restricted this, so that the Cumberland Glass Manufacturing Co. were obliged to deliver only union made goods, such an addition or restriction requires a new consideration and would be invalid without it." [The judge in refusing to make this ruling stated that there was evidence of consideration.]

" 9. That, under the contract as indorsed July 15th, if the Cumberland Glass Manufacturing Company failed to furnish union made goods, the defendant's only right was to cancel the contract by way of rescission."

" 11. That under the indorsement of July 15th, the term ' contract cancelled ' gave the right of rescission to either the Cumberland Glass Manufacturing Company or the defendants.

" 12. That under the indorsement of July 15th, if the Cumberland Glass Manufacturing Company failed to deliver union made goods, the defendants were only entitled to rescind the contract and cannot recoup in damages in this action."

" 14. That the defendants in ordering away the moulds from the Cumberland Glass Manufacturing Company put it out of the power of said company to perform said contract, and after said date the company would not be responsible for damages for its failure to furnish the defendants with goods.

" 15. That the orders given by the defendants for no further shipment of goods, the removal of the moulds, and the refusal to accept further goods were an exercising by the defendants of their right to cancel the contract and constituted a cancellation."

" 17. That in order to entitle the plaintiff to recover, it was not necessary under the pleadings that the plaintiff should introduce evidence to show the authority of R. E. Shoemaker to execute the assignment in behalf of the Cumberland Glass Manufacturing Company.

" 18. That under the pleadings, the assignment bearing the corporate seal, with the signature of the president of the company, was some evidence of the validity of the assignment which, in the absence of other evidence to control it, would entitle the plaintiff to recover."

In refusing to make the last two rulings the judge stated that there was no evidence that R. E. Shoemaker was president of the Cumberland Glass Manufacturing Company or in any way had authority to affix its name and seal to the purported assignment.

The judge found for the defendants; and the plaintiff alleged exceptions.

*E. M. Brooks,* for the plaintiff.

*E. F. McClennen,* for the defendants.

BRALEY, J.  It was agreed at the trial that the findings of the auditor, whose report forms part of the bill of exceptions, should be final upon questions of fact.  After reciting these findings he thereupon ruled and reported that the plaintiff had failed to prove his title to the claim in suit, but if this ruling was wrong, he further ruled, that the defendants under their answer in recoupment had suffered damages in a larger sum than the plaintiff claimed, and found in their favor.  The rulings refused asked for a reversal of the report of the auditor, whose rulings the plaintiff contends cannot be sustained on the facts reported.

We first consider the question of recoupment which comprises the merits of the controversy.  The original contract contained no provision that the bottles should be made by union workmen, although the defendants subsequently insisted that there had been a preliminary understanding to this effect.  In consequence of their assertion of this claim, and as a result of correspondence between the parties, a duly authorized agent of the plaintiff's assignor indorsed upon the face of the contract that " bottles called for on this contract are to be made by union workmen or this contract cancelled."  This indorsement must be deemed an additional agreement to be treated as a modification of the existing contract, which as thus modified is supported by the original consideration.  *Thomas* v. *Barnes,* 156 Mass. 581.  *Drew* v. *Wiswall,* 183 Mass. 554, 556.  *Taylor* v. *Finnigan,* 189 Mass. 568, 574, 575.

The contract as finally completed being limited to bottles of this description, it was undisputed that after repeated demands such bottles were not furnished, and the vendor informed the defendants that compliance was impossible.  In reply to a suggestion that they cancel the contract, the defendants, while recognizing their right of termination, promptly declined to exercise it, and insisted upon performance, with a further claim for damages already suffered by reason of the failure to deliver the goods for which they had bargained.  *Hubbardston Lumber Co.* v. *Bates,* 31 Mich. 158, 169.  .They also directed that their moulds, which had been in the possession of the vendor, should be transferred to another manufacturer, and this transfer was made accordingly.  It is plain that this failure to comply with the contract was the cause of its abandonment by the defendants, upon whom by

reason of an inexcusable breach the right of termination was conferred. *Eastern Forge Co.* v. *Corbin*, 182 Mass. 590, 592; and cases cited. By its refusal to perform the vendor could not make an unjustifiable act a justification by which it could escape liability for damages which thereby resulted, as the option of cancellation was for the sole benefit of the vendee whose right to abandon did not arise until the breach. *Hapgood* v. *Shaw*, 105 Mass. 276, 280. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275. *Meagher* v. *Hoyle*, 173 Mass. 577, 579. The right of one party to a contract of sale to be excused from further performance where the other party has absolutely refused to perform is distinct from a right to rescind, as upon such refusal the innocent party has the right to recover damages for the injury suffered, but if rescission has taken place the contract then ceases to exist, and not even nominal damages can be recovered. *Whiteside* v. *Brawley*, 152 Mass. 133, 134. *Speirs* v. *Union Drop Forge Co.* 180 Mass. 87, 92. For this reason when the vendor refused to perform, the defendants not only became entitled to recover such damages as had been caused by the breach, but were excused from further performance upon their part. *Hapgood* v. *Shaw, ubi supra. National Machine & Tool Co.* v. *Standard Shoe Machinery Co., ubi supra. United States* v. *Peck*, 102 U. S. 64. The sum which the defendants were entitled to recover, although not stated, has been found to be in excess of the amount due for bottles delivered before the contract was abandoned, and, because the vendor could not recover, the plaintiff as its assignee is barred, for he succeeded to the same infirmity. R. L. c. 173, § 4. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461. If an absolute refusal to perform had not been shown, and it appeared that the vendor in good faith was endeavoring to carry out the contract, a different question would be presented. *Collins* v. *Delaporte*, 115 Mass. 159, 162.

The order transferring the moulds could not be deemed a breach by the defendants which destroyed their right to damages, as it was not given until the vendor had notified them of its inability to fulfil the contract. Upon receiving this information they were not required to allow the moulds to remain, but were at liberty to use them in such manner as they considered the prosecution of their business demanded. *Hinckley* v. *Pittsburgh*

*Bessemer Steel Co.* 121 U. S. 264. `Rogers` v. *Union Stone Co.* 134 Mass. 31, 38. The rulings requested but not given on this branch of the case, therefore, were refused properly.

As the plaintiff's assignor could recover nothing, the further question in regard to the validity of the assignment under which the plaintiff claims title becomes immaterial. See *England* v. *Dearborn,* 141 Mass. 590; *New England Ins. Co.* v. *Wing,* 191 Mass. 192. Compare *Hamilton* v. *McLaughlin,* 145 Mass. 20, 22, *Williamsburg Ins. Co.* v. *Frothingham,* 122 Mass. 391, 394, and *Murphy* v. *Welch,* 128 Mass. 489, 491.

*Exceptions overruled.*