PULPWOOD CO. *v.* PERRY.

CONTRACTS—CONSTRUCTION—PERFORMANCE—MODIFICATIONS.

> The plaintiff and defendant entered into a contract for the purchase and sale of pulpwood at a fixed price. The defendant agreed to furnish 40,000 cords of pulpwood and was to receive an advance of $3 a cord when it was cut and piled. Upon a default in the performance of his contract by the defendant, a modification was made affecting the price and time of performance as fixed by the contract, and providing that unless the defendant should perform the modified agreement the contract should remain in force unmodified by the terms of the supplemental agreement. Sureties were provided for in the original contract and were not consulted about the changed provisions. In an action to recover damages for a breach of the contract and to recover advances made, *held*, that the defendant, having failed to perform the modified contract by delivering the specified quantities of pulpwood, was bound by the original agreement and by the price fixed therein.

Error to Chippewa; Steere, J. Submitted June 24, 1909. (Docket No. 75.) Decided September 21, 1909.

Assumpsit by the Pulpwood Company against Frank Perry on a contract for the sale and delivery of certain wood. A judgment for plaintiff on a verdict directed by the court for less than the amount claimed is reviewed by plaintiff on writ of error. Reversed, and judgment entered for the amount claimed.

*Sharpe & Handy* (*Moses Hooper*, of counsel), for appellant.

*Warner & Sullivan* (*Shaw, Warren, Cady & Oakes*, of counsel), for appellee.

MOORE, J. On September 25, 1903, plaintiff and defendant entered into a contract whereby defendant was to

deliver 40,000 cords of pulpwood to plaintiff between the first day of April and the first day of November in each year, for the years 1904, 1905, 1906, 1907, and 1908. The Pulpwood Company was to pay therefor $9 per cord, delivered on board cars at the mills of the Pulpwood Company. The Pulpwood Company was to advance $3 per cord on this pulpwood when it was cut and piled. For the fulfillment of this contract Perry executed a bond to the Pulpwood Company in the sum of $250,000 with sureties. On April 11, 1904, the contract was modified with the assent of the sureties. In December, 1905, the contract was again modified with the assent of the sureties. On April 29, 1907, the contract was again modified. Mr. Perry failed to carry out this contract.

This action was brought to recover from Mr. Perry money advanced to him, and for damages for failure to deliver the pulpwood according to the contract. Defendant gave notice of set-off and recoupment, and claimed damages on account of an alleged violation of the contract by the Pulpwood Company. Before the trial of said cause a stipulation was signed by the parties to this suit, in which it was agreed that the following were the undisputed facts:

"(1) Plaintiff and defendant executed and delivered, each to the other, the written agreements set out in the declaration.

"(2) Prior to April 29, 1907, defendant had failed to deliver pulpwood according to the terms of the contracts, and plaintiff had purchased approximately five thousand cords of pulpwood along the line of Duluth, South Shore & Atlantic Railway, between the headwaters of the Taquamenah river and Sault Ste. Marie, Mich., which defendant claimed to be within the territory reserved to him under the provisions of the eighth paragraph of the contract of September 25, 1903.

"(3) After April 29, 1907, the defendant delivered to plaintiff about twenty-one thousand (21,000) cords of pulpwood, and no more.

"(4) After April 29, 1907, plaintiff credited defendant
158 MICH.—18.

upon its books, and issued to defendant credit statements for all pulpwood delivered, as fast as delivered, at the price of $9.50 per cord, with place of delivery at Long Tail Point, as provided in the contract of April 29, 1907.

"(5) Plaintiff is entitled to judgment herein upon consideration of all the claims put in issue by the pleadings herein, as follows:

"(a) In any event, in the sum of $120,265.54.

"(b) If defendant is entitled to credit for pulpwood delivered after April 29, 1907, according to the original contract only, and not according to the contract of April 29, 1907, then in the sum of $151,147.

"Dated March 1, A. D. 1909."

Upon filing this stipulation both parties rested, and the court directed a verdict in favor of the plaintiff in the sum of $120,265.54.

The only question is whether the court should have directed a verdict in favor of the plaintiff in the sum of $151,147. The answer to this question will depend upon the construction to be given to the contract as modified April 29, 1907. It does not appear that the sureties were consulted as to this modification. At the time it was made Mr. Perry had not fully performed the agreement in the existing contract. Advances had been made to him in large amounts. The new contract gave him additional time in which to perform his contract. It modified in his favor the lengths of the pulpwood. It increased the price $1.40 a cord. It concluded as follows:

"Otherwise than above specified, said contract shall stand and be in full force and said Perry and his sureties shall be liable for all damages, on account of nonfulfillment of said contract, unless the conditions of said contract, as herein modified, are fulfilled. But if said contract, as herein modified, shall be fulfilled, such fulfillment shall be accepted as full performance and discharge of said original contract."

It is the contention of plaintiff that this made the contract a conditional one, in that it allows Mr. Perry the bonus of $1.40 per cord only on condition that he delivers the full amount of pulpwood under the contract; that if

the defendant is entitled to recover the additional amount of $1.40 per cord, whether he delivers the full amount specified in the contract or not, then there can be no purpose in inserting this paragraph.

It is the contention of defendant—

"That the necessary inference is that the modification does not displace the original, in the one particular of the liability for damages, except upon performance; that the intent of the sentence was to save the right to damages in the event of failure, and it should be construed as though there were added to it:

"'And said Perry and his sureties shall thereby be released from any liability for damages for nonfulfillment of said original contract.'

"Such a construction does no violence to the language, is grammatical, in harmony with the previous extensions of the contract, which in every instance have been carefully drawn so as not to release the sureties, and does not work a forfeiture. In addition to all this it is according to the practical construction placed upon it by the parties themselves."

It is further claimed—

"That the contract in question is divisible; that there has been partial performance by defendant, accompanied by payment on the basis of $10.40 per cord for 21,000 cords of pulpwood; that the payment was voluntary; that the defendant has relied upon such payment, and plaintiff is estopped from attempting to recover the amount in dispute."

There is no doubt the modified contract was based upon sufficient consideration. See *Blodgett* v. *Foster*, 120 Mich. 392 (79 N. W. 625), and the cases there cited. If it had been -fully performed, the parties thereto would have been bound by its terms. It has not, however, been performed. It was stated on the argument, and apparently conceded, that Mr. Perry has abandoned the contract with a large part of its agreements unfulfilled. Is he entitled to have the modified agreement, though unperformed by him, so construed as to entitle him to receive

$1.40 a cord more for the wood delivered by him after the modified contract was made than he would have received under the original contract? The modified contract states:

"Now, therefore, in consideration of the premises and at the request of the said Perry, and in consideration of one dollar paid by said Perry to said Pulpwood Company, said original contract is hereby further modified in respect to time of delivery, price to be paid and point of final scale, as follows."

An examination of the original contracts will show that each of these modifications made it easier and more profitable for Mr. Perry than did the terms of the existing contracts. If the last paragraph of the modified contract is to be construed as relating simply to the release of Mr. Perry and his sureties from any liability for damages for nonfulfillment of the original contract, it would seem to be a very unbusinesslike contract. It is evident the plaintiff wanted pulpwood, and was anxious to have Mr. Perry furnish the amount he had agreed to furnish, and was willing to give him additional time and an increased price if he would do so. We think it equally clear from the language of the modified contract that it was not expected by either of the parties that Mr. Perry should have the increased price unless he substantially performed the modified agreement.

The judgment is reversed, and one may be entered here for the amount stated in the filed stipulation, with legal interest added.

MONTGOMERY, OSTRANDER, HOOKER, and McALVAY, JJ., concurred.