[No. 11447.  Department Two.  April 22, 1914.]

LOUIS STOFFERAN, *Respondent*, v. JOSEPHINE M. DEPEW, *Appellant*.[1]

CONTRACTS—MODIFICATION—CONSIDERATION. The substitution of a new contract for an old one is a sufficient consideration for the new contract.

CONTRACTS—CONSTRUCTION—ACTIONS—PLEADING — COMPLAINT. In an action upon an agreement to refund the purchase price of soldier's additional homestead scrip, in case the department of the interior refuses to recognize or returns the scrip as invalid, the complaint sufficiently alleges the contingency fixing liability to make the refund, where it alleges that an application to file the scrip was rejected and the secretary of the interior "finally rejected the scrip."

[1]Reported in 139 Pac. 1084.

Appeal from a judgment of the superior court for Okanogan county, Pendergast, J., entered October 26, 1912, dismissing an action on contract, upon overruling a demurrer to the complaint. Affirmed.

*Smith & Gresham*, for appellant.

*Adams & Patterson*, for respondent.

Crow, C. J.—Action by Louis Stofferan against Josephine M. Depew to recover $720. The complaint, in substance, alleged that, on June 7, 1909, plaintiff purchased from defendant eighty acres of soldier's additional homestead scrip, and received from her a written instrument reading as follows:

"Conconully, Wash. June 7th, 1909.
"To Whom it May Concern:
"This is to certify that I have this day sold and assigned to Louis Stofferan 80 acres of soldier's additional scrip, or additional homestead right, originally owned by William Walker, and I hereby for and in consideration of the sum of $720, to me in hand paid for said scrip, do hereby guaranty the validity of said scrip and in case that said scrip shall be finally rejected and not allowed, I promise and agree to refund the said $720 the purchase price given me or to furnish the purchaser thereof valid scrip in lieu thereof.
"Josephine Depew ;"

that, in amendment to, and as a correction of the above form of written guaranty, defendant, on or about December 24, 1909, executed and delivered to plaintiff a corrected instrument reading as follows:

"Guarantee
"In consideration of a transfer of scrip described as follows: Eighty (80) acres of soldier's additional homestead scrip, originally owned by William Walker, in which I sold, transferred and set over unto Louis Stofferan the above described scrip, I hereby agree to refund the purchase price of $720 unto the said Louis Stofferan, in case that the

Department of the Interior refuses to recognize, or returns the above described scrip as invalid.

"In witness whereof, I have hereunto set my hand and seal this 24th day of December, 1909.

"Josephine M. Depew   (Seal)

"Subscribed and sworn to before me this 24 day of December, 1909.          P. M. Snider.

"(Seal)          Notary Public in and for the State

"of Washington, residing at Okanogan;"

that, on September 27, 1909, plaintiff filed in the United States land office, at Waterville, Washington, his application to lay the scrip on lot 6, and the southeast quarter of the southeast quarter of section 22, township 36, north of range 28, east of the Willamette Meridian; that, on June 22, 1911, his application was rejected by the commissioner of the general land office; that, on December 30, 1911, upon plaintiff's appeal, the Honorable Secretary of the Interior finally rejected the scrip; that, prior to the commencement of this action, plaintiff demanded a return of the purchase price, but that defendant refused to refund the same. To this complaint, the demurrer of the defendant was overruled, and upon her refusal to plead further, the court entered judgment in plaintiff's favor. The defendant has appealed.

Appellant first contends that the second agreement executed subsequent to the sale is void for want of consideration. It is apparent from the terms of the two agreements and the allegation of the complaint that the second agreement, as a mutual act of the parties, was made as an amendment to, or in substitution for the original. The substitution of a new contract for an old one, in itself constitutes a sufficient consideration. In *Long v. Pierce County*, 22 Wash. 330, 61 Pac. 142, we said:

"It is further insisted that the proffered testimony was properly rejected for the reason that no offer was made to show a consideration for the modification of the original agreement, or reciprocal advantage accruing to the county by reason thereof, and that the record contains nothing upon which a consideration can be inferred. But no express or in-

dependent consideration was necessary.  'The contract, when modified by the subsequent oral agreement, is substituted for the contract as originally made, and the original consideration attaches to and supports the modified contract.' *Thomas v. Barnes*, 156 Mass. 581 (31 N. E. 683) ; *Brown v. Everhard*, 52 Wis. 205 (8 N. W. 725) ; *Badders v. Davis*, 88 Ala. 367 (6 South. 834)."

It is urged that the allegation that the Secretary of the Interior finally rejected the scrip is insufficient to fix appellant's liability for a return of the purchase money.  The second instrument provides that appellant shall be so liable when "the Department of the Interior refuses to recognize, or returns the above described scrip as invalid."  Manifestly an allegation that the Secretary of the Interior rejected the scrip is equivalent to an allegation that the department refused to recognize it.

The complaint stated a cause of action.  The judgment is affirmed.

Mount, Parker, Fullerton, and Morris, JJ., concur.