PAUL H. PITKIN, JR. *vs.* PATRICK H. McCARTHY.

Hampden.     September 22, 1927. — October 15, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Performance and breach, For sale of real estate.

The owner of real estate, who has made a contract in writing providing for its sale subject to a mortgage held by the "Springfield Institution for Savings," and that "If the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under the agreement shall be refunded, and all other obligations of either party hereunto shall cease," cannot maintain an action of contract against the purchaser upon the purchaser's repudiating the contract a week before the date set for the conveyance if, at the date of the contract and the date set for conveyance, the real estate was not subject to a mortgage held by the Springfield Institution for Savings, but was subject to a mortgage held by the Springfield Five Cents Savings Bank; the purchaser was himself in default under the contract.

CONTRACT, for breach of a contract in writing to purchase real estate of the plaintiff. Writ dated August 4, 1925.

In the Superior Court, the action was tried before *Burns,* J. Besides the facts stated in the opinion, it appeared that the repudiation of the contract by the defendant was within a week of the date set therein for performance; and that at the date so set the mortgage on the premises was held by the Springfield Five Cents Savings Bank.

The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $600. The defendant alleged exceptions.

The case was submitted on briefs.

*R. J. Talbot*, for the defendant.

*H. G. Dunning*, for the plaintiff.

BRALEY, J.   The parties entered into a contract in writing April 17, 1925, whereby the defendant agreed to buy for $11,000 certain real property owned by the plaintiff in the city of Springfield, and the defendant paid $400 on account of the purchase price.   But the jury could find that prior to August 1, 1925, the time fixed for delivery of the deed, the defendant notified the plaintiff's broker that he was "not going to take the property," and that he repudiated the contract.   It is settled that upon such refusal the plaintiff, if he was ready and able to tender performance on his part in accordance with the terms of the contract, had the right to recover damages for the injury.   *Earnshaw* v. *Whittemore*, 194 Mass. 187, 192, and cases cited.

The contract however contained this provision: "If the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under the agreement shall be refunded, and all other obligations of either party hereunto shall cease."   The plaintiff agreed to convey a good and clear title by deed of warranty free from all encumbrances except certain restrictions, assessments and taxes and a first mortgage bearing interest at the rate of five and one half per cent held by the Springfield Institution for Savings payable on demand and on which $4,800 remained unpaid.   It was conceded by the plaintiff that the mortgage was held by the Springfield Five Cents Savings Bank, and that there was no mortgage to the Springfield Institution for Savings.   It is apparent that, if a change had been attempted at the date of passing title, considerable time must elapse before a new mortgage could be negotiated on the same terms as the existing mortgage, and there was no evidence warranting the jury in finding that the defendant agreed to any substitution, or waived the tender of a deed in strict conformity with the contract.   The plaintiff therefore was unable to perform the contract, and, being himself in default, the action cannot be maintained.   *Anglim* v. *Sears-Roebuck Shoe Factories*, 255 Mass. 334.   *Moskow* v. *Burke*, 255 Mass. 563.

It follows that the refusal of the defendant's motion for a directed verdict was wrong, and the exceptions must be sustained, and judgment is to be entered for the defendant. G. L. c. 231, § 122.

*So ordered.*