[No. 20785.    Department Two.    January 9, 1928.]

H. E. WINN, *Appellant*, v. BEN STANTON *et al.*,
*Respondents.*[1]

[1] CONTRACTS (104)—MODIFICATION—CONSIDERATION. A second con-
tract, supplemental to the first contract, unperformed and as
to which there was a dispute, requires no new consideration
but is supported by the original consideration.

[2] SAME (156)—BREACH—BY FAILURE OF PERFORMANCE. Where,
upon a dispute as to the digging of a well, a supplemental
contract was made providing that there should be no com-
pensation if the then supply of water was lost, nothing is due
where, instead of cleaning out the well, a new well was dug
and the first supply was lost.

Appeal from a judgment of the superior court for
Walla Walla county, Sharpstein, J., entered January
5, 1927, upon findings in favor of the defendants, in
an action on contract, tried to the court. Reversed.

*John C. Hurspool*, for appellant.
*Rader & Bean*, for respondents.

MAIN, J.—The plaintiff brought this action to re-
cover the contract price for locating and digging a
well. The trial was to the court without a jury and
resulted in findings of fact and conclusions of law
sustaining a recovery, in favor of the defendant and
against the plaintiff, in the sum of fifty dollars. From
the judgment entered for this sum, the plaintiff ap-
peals.

The respondents were the owners of a farm in
Walla Walla county. The appellant was engaged in
the business of locating and digging wells. On the
9th day of December, 1925, the parties entered into
a written contract, by which the appellant was to
receive five hundred dollars for the well, in the event

[1]Reported in 262 Pac. 645.

that a flow of water was obtained which would furnish two hundred and fifty gallons in twenty-four hours. Another paragraph of the contract provided that Ben Stanton, one of the respondents, should do the work in the digging of the well and should receive therefor compensation as set out in the contract. After the contract was entered into, Stanton dug a well, at the point where the appellant had located it, to the depth of twenty-five feet and obtained some water. A test was made, with which the respondents were not satisfied because they claimed that, due to the then recent heavy rains, the water in the well was surface water and not a permanent supply.

This disagreement resulted in a supplemental contract, which will be referred to as the second contract, by which it was agreed that the time for measuring of the water in the well should be extended until September 1, 1926, for the reason that, to measure the water at that time would determine the amount of flow during the summer season. If the well stood the test on the first of September, then settlement was to be made according to the contract,

" . . . but should there be a less amount, then the second party [appellant] is to be paid at the rate of two dollars per gallon daily flow of the water, as of the date when the same is to be measured."

The second contract then concludes as follows:

"In the event the supply of water now in said well is lost and no other water is obtained, then and in that event Mr. Stanton shall not be paid for the work performed on said well and the said Mr. Winn will not receive any pay for whatever money he may be out of in connection with the performance of the contract on the other side hereof."

Some time during the latter part of August, 1926, the appellant sent men to clean out the well, prepara-

tory to measuring it on September 1. The well at this time had been completely filled by muck and debris, so that it was flush with the surrounding ground. The men sent by the appellant dug a hole or well nine feet deep and obtained some water. The appellant claims that this second well was identical with the first, except that it was not so deep. The respondents claimed that it was not dug on the site of the first well, but at the side thereof. Upon this disputed question of fact, the trial court found that the second well was at the side of the first well, and with this finding we are in accord.

[1] The first question is, whether the second contract is binding upon the parties. The appellant says it is not binding, because it is not supported by any consideration. With this contention we are unable to agree. The second contract was supplemental to the first and did not require any new or independent consideration to support it. The original consideration attached to, and supported, the second contract. *Long v. Pierce County,* 22 Wash. 330, 61 Pac. 142; *Stofferan v. Depew,* 79 Wash. 170, 139 Pac. 1084.

[2] The second contract being then valid, the question which finally determines the case is, what are the rights of the parties under the contract as modified? The second contract, in providing that if the amount of water originally contracted for was not obtained, then the appellant was to receive two dollars per gallon daily flow, refers not to a new well but to the one that had then been dug, about which there was the dispute. The contract provides that, in the event the supply of water is lost and no other is obtained, then Stanton was not to be paid for the work performed, and the appellant was not to receive any pay for whatever money he may be out in connection with the performance of the contract. The trial court,

in reaching the result that the respondents were entitled to a judgment of fifty dollars, found that the work which Stanton had done on the well was worth $162, and that there should be deducted from this $112, which the appellant was entitled to receive for the amount of water in the well as shown by the first test. Under the terms of the second contract, as already pointed out, the respondents were entitled to nothing, in the event that the then supply of water in the well was lost. It was lost, because the well filled with muck and debris and there was no well there. The appellant is not entitled to the $112, because that is based upon the test of the original well after it was first dug, about which there was dispute and which prompted the entering into the second contract, by which the measurement was to be made on September 1, 1926. On that date, there was no measurement of the first well. Under the original contract as modified by the second, in view of the fact that the second well was not dug upon the site of the first, neither party is entitled to recover as against the other.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

MACKINTOSH, C. J., ASKREN, FULLERTON, and HOLCOMB, JJ., concur.