JOHN E. HILL ET UX. *v.* ARTHUR P. SCOTT.

May Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed October 3, 1928.

358

*A. W. Farman* for the defendant.

*Hubert S. Pierce* and *Raymond L. Miles* for the plaintiff.

MOULTON, J.  This is an action in tort for the conversion of certain articles of household furniture belonging to the plaintiffs, and comes before us on exceptions from the municipal court of Orleans County.  The trial court found the following facts:

The plaintiffs leased and occupied the defendant's tenement.  The rent became in arrears, and the defendant insisted upon payment.  The matter was adjusted by the defendant's paying a mortgage then covering the plaintiff's household furniture, and taking a bill of sale of the furniture from the plaintiffs as security for the payment of the amount advanced in payment of the mortgage, and the rent then due and to become due up to February 28, 1927, to which time the defendant agreed that the plaintiffs might occupy the tenement.  The total amount secured by the bill of sale according to its terms was $247, upon the payment of which the instrument was to be cancelled.

On February 28, 1927, there was due on the bill of sale the sum of $185.  On March 2, 1927, the balance being unpaid, the defendant and an officer went to the tenement with a writ of replevin for the property described in the bill of sale, but agreed to defer the service of the writ until three o'clock in the afternoon upon the promise of the plaintiffs to have the money by that time.  Shortly before three o'clock the plaintiffs tendered $185 to the defendant, but he refused to accept it and the officer took possession of the furniture.  The writ of replevin had not been served at the time of making the tender and the tender was thereafter kept good.

Judgment was entered for the plaintiffs, and the case is here on exceptions by the defendant.

The defendant offered to show, as proof that the amount of the tender was not sufficient to release his lien upon the property, that after the bill of sale had been given, he incurred an expense of $8 in taking over the mortgage upon the furniture, and that the plaintiffs promised to pay him this expense. This evidence was excluded, and rightly so. The offer did not show its materiality to the issue. *Gregg* v. *Willis*, 71 Vt. 313, 318, 45 Atl. 229, and cases cited. The mere fact that the plaintiffs had promised to reimburse the defendant for the expense so incurred had no bearing upon the question of the amount then due upon the debt secured by the bill of sale.

The defendant also offered to show, for the same purpose, that the plaintiffs had agreed with him that his expense incurred in taking over the mortgage should be included with the sum of $247, for which the bill of sale was given, and that the defendant should hold the bill of sale as security for the total amount. The evidence was excluded, and the defendant excepted.

It is urged by the plaintiffs that the offer was insufficient, in that it did not indicate to the trial court that the claimed agreement was made after the execution of the bill of sale. It is true that the time of the agreement was not stated in the offer, but the question just preceding, which plainly related to the same matter, showed that a subsequent parol agreement was expected to appear by the offered evidence. We think that the trial court was sufficiently apprised of the situation, and the exception is for consideration. *Cummings* v. *Connecticut General Insurance Co.*, 101 Vt. 73, 80, 142 Atl. 82, 85.

That a verbal or written contract not under seal may, generally speaking, be modified by a subsequent verbal agreement, is too elementary a doctrine to require the citation of authorities.

The plaintiffs say that the evidence was properly excluded, because the subsequent agreement was without consideration; and that, since the defendant had already bound himself, by the terms of the bill of sale, to assume and pay the mortgage, and, inferentially, to pay whatever expense might be incident thereto, he was only doing what he had already promised to do.

In *Flanders* v. *Fay*, 40 Vt. 316, 317, it is said:

"The rule that verbal agreements entered into between the parties to a simple contract in writing, before or at the time of the execution, of such contract, is not admissible to vary or affect its construction, does not apply when it appears that the oral agreement was made subsequent to the execution of the written agreement, and upon a new consideration."

But an examination of that case discloses that no question of consideration was before the Court. The action was based upon a written contract of lease, and the defendant offered to show that, during the term of the lease, the parties mutually agreed to a certain modification of its terms. The evidence was held to be admissible. No new consideration was, so far as appears, claimed or argued. In *Thrall* v. *Mead's Estate*, 40 Vt. 540, 546, 547, the distinction is made between a subsequent agreement made after breach of the original contract, and one made while the original contract remains executory and before breach. In the former case, a new consideration is required; in the latter not. It may be supposed therefore that the Court, having in mind the broad doctrine expressed in *Flanders* v. *Fay*, was at pains accurately to define its extent and bearing in *Thrall* v. *Mead's Estate*, and the latter opinion must be regarded as modifying the former to this extent.

The doctrine so stated is supported by authority, although not unanimously. In *Thomas* v. *Barnes*, 156 Mass. 581, 584, 31 N. E. 683, 684, it is said:

"It is well settled that an executory bilateral written contract may be varied by a subsequent oral agreement between the parties * * * * * * * The contract, when modified by a subsequent oral agreement, is substituted for the contract originally made, and the original consideration attaches to and supports the modified contract."

To the same effect are *Easton* v. *Snyder, etc., Co.*, 94 Neb. 18, 142 N. W. 695, 697; *Foley* v. *Marsch*, 162 Wis. 25, 154 N. W. 982, 984; *Moore* v. *Markel*, 112 Neb. 743, 201 N. W. 147, 149; *Earnshaw* v. *Whittemore*, 194 Mass. 187, 191, 80 N. E. 520; *Holmes* v. *Doane*, 9 Cush. (Mass.) 135, 139; *Hanson & Parker* v. *Wittenberg*, 205 Mass. 319, 326, 91 N. E. 383, 384; *Pulpwood*

*Co.* v. *Perry,* 158 Mich. 272, 122 N. W. 552; *Stofferan* v. *DePew,* 79 Wash. 170, 139 Pac. 1084, 1085; *Dyer* v. *Middle Kittitas Irrigation Dist.,* 25 Wash. 80, 64 Pac. 1009, 1014; *Long* v. *Pierce County,* 22 Wash. 330, 61 Pac. 142, 147; *Wisconsin Sulphite Fibre Co.* v. *Jeffries Lumber Co.,* 132 Wis. 1, 111 N. W. 237, 241.

The plaintiffs call attention to the fact that the bill of sale was under seal, and urge that the evidence of a subsequent oral agreement is inadmissible in an action upon a sealed instrument, citing *Powers* v. *Rutland R. R. Co.,* 88 Vt. 376, 394, 395, 92 Atl. 463; *Flanders* v. *Fay,* 40 Vt. 316, 317; and *Sherwin* v. *Rutland & Burlington R. R. Co.,* 24 Vt. 347, 349. But the contract claimed to be modified is not the bill of sale, which is, by its terms, an absolute conveyance, but the oral agreement that the bill of sale should be held as security only, which made the entire transaction a simple contract (*Dana & Henry* v. *Hancock,* 30 Vt. 616, 619), and was, in substance, a mortgage valid at common law. *Mower, Trustee* v. *McCarthy,* 79 Vt. 142, 148, 64 Atl. 578, 7 L. R. A. (N. S.) 418, 118 A. S. R. 942; *Rice's Assignees* v. *Hulett,* 63 Vt. 321, 324, 22 Atl. 75; *Gilfillan's Admr.* v. *Bixby,* 100 Vt. 468, 471, 139 Atl. 250. It is upon this agreement that the plaintiff bases his right of recovery. Such a contract can be modified by a mutual agreement between the parties to include a further item in the obligation for which the security is held.

For the same reason the principle that evidence of a subsequent verbal agreement is inadmissible to vary or modify the terms of a contract required to be in writing by the statute of frauds, and actually so reduced to writing (*Dana & Henry* v. *Hancock, supra; Hambleton* v. *U. Aja Granite Co.,* 96 Vt. 199, 205, 118 Atl. 878), does not apply. We hold that the offered evidence was erroneously excluded.

The defendant has briefed several exceptions to the finding of facts, and to the failure of the court to make other findings in certain respects. No transcript of the evidence has been furnished us, and, indeed, the bill of exceptions states that no stenographic reporter was present at the trial, and no stenographic minutes of the evidence or proceedings were taken. Ordinarily, since these exceptions are predicated upon what is claimed to be the undisputed evidence, we would spend no time in their consideration; for such exceptions cannot be discussed

in the absence of the transcript. *Read & Davis* v. *Reynolds*, 95 Vt. 45, 47, 112 Atl. 359; *Bristol* v. *Bristol R. R. Co.*, 91 Vt. 223, 227, 100 Atl. 37. But in this case, the tendency of the evidence on each side is set out in the bill of exceptions, which also contains the statement that "The evidence herein stated is all that is material to the questions raised by the exceptions." Therefore, the exceptions are before us.

█ The first exception is to the finding that the plaintiffs were owing the defendant one hundred and eighty-five dollars on February 28, 1927; and the ground is that the court had excluded evidence, offered by the defendant, that he had expended $8 in taking up the mortgage, which sum the plaintiffs had agreed should be treated as part of the consideration of the bill of sale. This exception is without merit. The findings are to be treated by the evidence in the case, and evidence offered and excluded, even though erroneously, cannot be taken into consideration. The admissibility of the offered evidence has been elsewhere considered.

The defendant excepted to the finding that, at the time the defendant refused to accept the money, "He directed Mr. Swett to proceed and take possession of the property described in the writ in this case and also all the other property in the apartment described in the bill of sale," because the finding implied that the officer had not, at that time, taken possession of the property, whereas all the evidence on this point was to the effect that the plaintiffs had delivered the key of the apartment to the officer, at nine o'clock in the morning, when the latter informed them that he had come to serve the replevin writ, and whereas all the evidence showed that, when the money was tendered, the officer was moving and had already moved part of the property.

█ █ This exception relates to the sufficiency of the tender. If the officer had commenced service of the writ, by taking the property into his possession, before the tender was made, he was entitled to his costs, and such costs should have been included in the sum tendered. *Smith* v. *Wilbur*, 35 Vt. 133, 137; *Randall & Durant* v. *Bacon*, 49 Vt. 20, 21, 22, 24 A. R. 100; *Willey* v. *Laraway*, 64 Vt. 566, 567, 25 Atl. 435. An insufficient tender, even though paid into court, is of no effect. *Oakes et al.* v. *Buckman*, 87 Vt. 187, 190, 88 Atl. 736.

■ The evidence was undisputed that the plaintiffs delivered the key of the apartment to the officer, at his request, when he informed them that he had come to serve the writ of replevin. It was also undisputed that when the plaintiffs returned with the money the officer was in the act of moving out the property. Whether this was before or after three o'clock in the afternoon is of no consequence, because the promise of the officer to wait until that hour was without consideration, and so not binding; and, as we have seen, he had already taken possession by his demand for and receipt of the key to the premises. Moreover, the evidence as stated in the bill of exceptions contains nothing to show any direction by the defendant to the officer as appears in the findings.

We think that the finding contains the implication attributed to it. As it stands we take it to mean that service of the writ was not commenced until after the tender had been made and refused. This is contrary to the undisputed evidence, and the exception is sustained.

■ ■ The next exception is to the finding that "the writ of replevin had not been served at the time that the tender was made," the ground being that all the evidence in the case was to the contrary.

G. L. 2110 requires that a writ of replevin shall not be served until the plaintiff therein, or someone in his behalf, executes and delivers to the officer a bond to the defendant, with sufficient surety, conditioned as the statute requires, and the execution and delivery of such a bond nowhere appears in the record before us. But an officer may commence service of the writ by taking possession of the property, for purposes of appraisal, before taking the bond and delivering the property to the plaintiff. *McKinstry* v. *Collins et al.*, 76 Vt. 221, 230, 56 Atl. 985, and cases therein cited. The challenged finding, when taken in connection with other expressions used by the court, means that no service whatever had been made, and this is not justified by the evidence. True, service had not been completed, because the property had not been delivered by the officer to the plaintiff in the suit (*McKinstry* v. *Collins et al.*, *supra*), but it had been commenced, and enough had been done to cause costs to accrue. This exception is sustained.

The defendant excepted to the failure of the court to find that the replevin writ was in favor of the defendant and against

the plaintiffs, and was placed in the hands of the officer for service, by the defendant; because all the evidence tended to show such to be the fact. We think, however, that these facts sufficiently appear in the findings.

The same may be said of certain other exceptions taken to the failure of the court to find that the officer went to the plaintiffs' apartment for the purpose of serving the replevin writ, which he held in favor of the defendant and against the plaintiffs; and that he then and there demanded the key to the apartment, which they delivered to him.

The defendant further excepted to the failure of the court to find that when the tender was made, the officer had entered the apartment and was then serving the replevin writ by moving out the household furnture. What we have said in considering the other exceptions relating to the service of the writ is applicable here. The undisputed evidence showed that service was being made. This exception is sustained.

The last exception to the findings is to the failure to find that the property described in the writ in the instant case was included in the bill of sale; because all the evidence tended to show such to be the fact. The court stated in the findings that "it is not necessary to determine whether any or all of the goods taken (by the officer) were included in the bill of sale." In so stating, the theory of the court seems to have been that since a tender had been made of all that was due, it made no difference whether or not the property was included in the bill of sale, for whatever lien there might have been was thereby discharged. But, on the evidence, the tender was not sufficient, because costs had accrued at the time and were not included in it. The defense was that the alleged conversion was a lawful taking, by writ of replevin, of property to which the defendant had the right of possession as against the plaintiffs, and the finding should have been made. This exception is sustained.

The defendant excepted to the judgment as rendered. So far as appears by the record, no grounds for this exception were stated below. It did not, therefore, reasonably indicate to the trial court the fault found with the ruling, and for this reason is not for consideration here. *Temple et ux.* v. *Atwood,* 100 Vt. 371, 372, 137 Atl. 321.

*Judgment reversed, and cause remanded.*